case number 18 0486 people of the state of Illinois appellate versus Teresa Wiggen appellant thank you good afternoon Mr. Wozniak would you like to start thank you your honor my name is James Wozniak I'm with the appellate assistant I'm assistant appellate defender with the state appellate defender's office and I'm here to talk to you about Tricia Wiggen. Tricia Wiggen proceeded to a bench trial for the charge of domestic battery and at that trial the state's evidence could be summarized as follows on December 21st of 2017 Robert Wesley along with his wife Amber went to 111 South Cash Street in Seneca Illinois to retrieve his belongings and his dog. Tricia Wiggen was inside her home she refused to let Robert enter that home and she called the police. Lieutenant Costers of the Seneca Police Department arrived he saw Robert outside of the home informed Robert that there was an active order of protection against him and told Robert to stay out of the home. At some point Ms. Wiggen opened the door to let her friend Betty Renfro who had also arrived at the house inside and it was at that point that Robert entered the home. Lieutenant Costers saw Wiggen in his words bull rush Robert and push him and Chief Meglin of the Seneca Police Department showed up also saw Robert inside of the home and went to arrest him because he was advised that there was an active order of protection against Robert Wesley. Again this summarizes the state's evidence in the case and that evidence gave rise to the affirmative defense of dwelling which the state needed to then rebut beyond a reasonable doubt and which it did not. Hence this court to reverse Tricia Wiggen's conviction for domestic battery outright. The affirmative defense of the defense of dwelling is available to anyone where force is used against a person who is trespassing upon a dwelling and where that person reasonably believes that the force is necessary to repel that trespass. Now while it's normally the defendant who presents evidence to give rise to that affirmative defense the affirmative defense can be raised based on the state's evidence alone as what occurred here. Based on the state's evidence Robert Wesley was forbidden by an order of protection to be at 111 South Cass Street on December 21st 2017. Both the police officers testify that they were aware of an order of protection and although Robert did testify that the order had been in his words dismissed or dropped the state did not present any actual evidence that that was actually the case. Importantly when the court trial court ruled and found Ms. Wiggen guilty it said it was the police officer's testimony specifically Lieutenant Koster's testimony which won the day and it was his testimony that showed that an active order of protection existed at the time that Robert was existed is confirmed by the record of that order of protection which this court allowed to be supplemented to this record. That record shows that although the circuit court denied Ms. Wiggen's request for a plenary order of protection on December 21st 2017 the emergency order of protection was still in effect on December 22nd the day after this incident. What in the record showed that? In the the the supplementary record or the record the trial record your honor? Either one. So in the trial record you had Lieutenant Koster's and Chief Meglin both testify that they advised Robert that they were aware that there was an order of protection against him that forbid him from being at that address. Robert told them that the the order of protection had been dismissed or dropped and then the both officers said that they checked with their dispatch to confirm whether or not that was the case. And neither one of them said that it had been confirmed. Correct and and Chief Meglin had said that when he arrives he uses the words that we were informed that there was an order of protection against him. At this point when Chief Meglin arrives Lieutenant Koster's is is subduing and eventually arresting Ms. Wiggen. So the assumption would be that Chief Meglin has been advised by dispatch that there's an order of protection and he even testifies that he went to arrest Robert once he saw him in the house and then Robert told him that the the order of protection had been dropped. The order of protection file itself shows and I don't know if this is a common practice in LaSalle County but what appeared to have happened is that the emergency order of protection was extended till December 22nd to expire at 4 30 p.m. on that day and the hearing on the the plenary or the two-year order was held the day before on December 21st. The court's order from December 21st states that the plenary order or I think the words it relieves that the petitioner seeks Ms. Wiggen is denied but that order did not dismiss the emergency order of protection. There is a docket entry that says that the emergency order of protection was dismissed but there is no corresponding order actually in the record stating that nor does that docket entry say when the emergency order of protection would be dismissed and from the previous orders it appears that the emergency order of protection was still in effect on December 22nd which is the day after this incident occurred which does correspond with Ms. Wiggen's testimony that the judge ordered a 24-hour cooling off period or that the the order was still in effect for another 24 hours after she'd gone to court that day. Okay thank you. This order protection gave rise to a per se affirmative defense of defensive dwelling for Ms. Wiggen. Thus the state needed to rebut the presumption that her force was not reasonable. These are very unique facts your honors. I can't imagine that this has happened in very many cases or will happen in very many more from this point forward but the state laid out its evidence and they called certain witnesses two of which were police officers and if you look at the circuit court's ruling on the evidence the circuit court almost essentially says I'm going to throw out almost all the other witnesses testimony because it seems to differ it's lieutenant costars the officer whose testimony who rules the day who wins the day and his testimony is that there's an order of protection that's in effect or he believes that there is one and that was not refuted by the state. At this point when the state's evidence comes in there's a affirmative defense of defensive of dwelling right there because anyone that has an order of protection that's protecting a dwelling should be afforded the defense to stop a trespasser from entering that dwelling because there's an order of the court preventing that person from entering. Does it matter that that she that Wiggins testifies that she at first that she didn't do it that she didn't rush him or she didn't push him that she fell? I don't think it does for two reasons your honor. I think from my arguments twofold number one is I'm asking for outright reversal based on the state's evidence alone raises this defense and so based on that we don't we shouldn't even then get to what Ms. Wiggins says because the state's evidence alone there it is there's the defense there's no way that the state could rebut that presumption because there isn't an order of protection and her force was reasonable she didn't there's no accusations of use of deadly force whatever it was reasonable force to to stop the trespass. My second argument if this court doesn't agree with the the her conviction should be reversed outright is that her counsel was ineffective for not raising this defense. Yes Ms. Wiggins does testify that she did not knowingly or intentionally strike Robert. Her testimony is that she lost her balance because the door was opening and she thought she was grabbing for her friend Ms. Renfrow and just reached out and and tried to grab someone from falling. I don't think there's anything that should stop counsel from being able to raise the two defenses and they may be mutually exclusive but there's no reason that counsel couldn't say your honor you listened to the you've listened to all the testimony you've heard Ms. Wiggin testify the state failed to prove that the element of defense that Ms. Wiggin knowingly struck or pushed Robert Wesley thus they can't prove her guilty beyond a reasonable doubt or in the alternative because we're raising the defense of of property if you find that the the state's evidence and witnesses are credible that she was justified in using that force and the state can't prove beyond a reasonable doubt that she is not justified I don't think there's anything stopping counsel from from raising those two defenses and where I think the ineffective assistance comes in here and and where Ms. Wiggin was prejudiced is that based on the order of protection existing if you raise you raise the defense of of defensive of dwelling it's really should be an automatic winner because we have an order of protection that says Robert Wesley is not supposed to be there we also have Mr. Wesley being told by police officer to not enter the dwelling and he still does so we also have testimony that Ms. Wiggin owns the home there's no testimony that although Robert Wesley said he lived there earlier and and Ms. Wiggin said he did that he has any renter's agreement or or that he owns the home as well so there was multiple reasons why Robert Wesley wasn't allowed to be in in that house the strongest of which was a court order stating that he wasn't allowed to be on the in that house on December 21st was there a motion for a directed finding at the close of the state's case I don't believe there was your honor so why aren't you arguing that there was ineffective assistance of counsel for not making that motion I this is a I think we I can get there with the ineffective for not raising the defense I think this is again a unique set of facts where the the state is in the position first is that they are the one the prosecutor is one of the the own as far as I'm the only attorney that a duty to the other side a duty to justice and when their own evidence comes in and their own evidence has shown that an affirmative defense exists for the defendant an affirmative defense that if the defendant or counsel said I'm raising that automatically wins because there's an order there's a order forbidding that person to come in I think that the state had the duty to that point say to the court you have to find her not guilty I suppose for the charges to be dismissed or to end the case then once the state doesn't do that it should shift to the court to do that so you're arguing that the error was judicial error and the court didn't find defendant not guilty based on the state's case on the first for the for the first part of my argument yes the ineffective assistance argument said part is it was counsel's error for not raising the defense thank you wasn't he precluded from raising that defense once she testified once she testified that she didn't hit him it was an accident she just fell against him wasn't the attorney at that point precluded from raising the defense I don't think so your honor for for I would say two reasons number one I would agree that it's it's going to be an issue potentially if it was a different set of facts and a person was arguing I wasn't even there I wasn't that and then your your counsel's saying well I'm raising this this defense that you know you call you know defensive dwelling defensive self whatever here Ms. Wiggins testimony is not number one she's at the scene number two she admits that she made contact eventually with Robert although in her testimony was accidental and and also because she was lost her balance from the door and didn't even know who she was was grabbing or touching as she was falling the second reason your honor is and I cited it in my reply brief was the rainy case in that case a defendant who was charged with murder had testified at a motion to suppress hearing that he did not kill the victim he does not testify at trial but during the trial his counsel raised the defense of self-defense and the argument from the defendant there was that his counsel was ineffective for raising that defense because he didn't give permission to raise that defense and also because based on his testimony at the motion to suppress hearing where he said that he didn't kill the victim that his counsel shouldn't have been able to raise that and what the court said in that case is that the a strategy of the defense is is trial strategy for the counsel to decide not for a client to decide and here counsel should have decided to have the defense of of self or excuse me the defense of property or dwelling argument sorry the defense of dwelling um affirmative defense because it was available from the order protection testimony and uh about the testimony about the order of protection and it would have won had it been raised are there any other questions your honors it appears not thank you thank you ms raymond may it please the court your honors my name is stephanie raymond i represent the people of the state of illinois matter um i think it's important to look at the statute because there seems to be the second part of that statute which is sort of being disregarded um under the statute a person is justified in the and to the extent that he reasonably believes that such conduct is necessary to prevent or terminate such others unlawful entry or attack upon the dwelling as counsel points out the defendant in this case testified that she did not intend to attack or hit or make contact with um the victim um there was no evidence presented by the state that defendant reasonably believed otherwise so where you can't really he sort of you know they're you know he he focuses on the order of protection and whether or not he was supposed to be there and um that aside there is that second part and to the extent so it is important her her testimony is important because it's what she reasonably believed under the statute that's that is important so as to disregard her entire testimony because the cop testified otherwise it's because she the reasonable belief that he was not allowed in the dwelling is that no the reasonable belief that that that force was necessary to prevent his unlawful entry or attack upon the dwelling so that part is that i'm using force against you because i think it's necessary because your entry is unlawful or you're trying to attack my dwelling she testified that she didn't didn't reasonably believe that force was necessary because she didn't intentionally you know get put force on um the victim so the using force um you you would have to you have to admit that there there was a battery in order to use that what defendant argues is justification for that battery but she does not admit that there was a battery through her testimony um she she's the one who she was there the officer saw from another point of view um so to i don't think that um that this court should disregard her testimony entirely she testified over and over that she didn't intend to use force um so i think that it does matter her testimony does matter he did intend to keep him out of her home i'm sorry but i mean would you admit that i mean she did intend to keep him out of her home she didn't let him in when he got there she called the police she had no one i mean the only he got in the house when her friend got there right and she never said hey come on in or i mean she never opened the door to him correct that that i that is correct that is what the the the record does show that um so it's you know him i'm not i'm not saying that she invited him in by any means um order of protection not no order of protection you know she did not her testimony is clear that she did not want him there so that that is you know the record does show that however to say that i'm justified in using force while simultaneously saying i didn't use force is is the problem that i think um her her her argument has under the statute um that says you're justified if you reasonably believe that that that that force is necessary and she does not she does not testify to that and and nor did the state present such the state presented evidence of what happened but there was nothing in their in their um presentation of the evidence that that showed that defendant did reasonably believe so to say that the state um is the one who presented any evidence um requiring us to prove you know that she was that justified is is um not reflected by the record uh regarding his ineffective assistance argument i believe that that is essentially the same the defense counsel knew that she was going to testify that she didn't intend this context so why then would you bring uh an you know would you try to argue that you're you're justified in using force if if you know his client says i didn't use force so for him to raise that argument that he knows it you know it will be unsuccessful it's not going to be reflected by the testimony that's not unreasonable and and that does not show an effective assistance of counsel um so excuse me so i do believe that um the uh ineffective assistance issue is it also is um it required that she would have testified you know differently than she did so if um if there are no other questions we would just ask that you just affirm the trial court there any other questions okay mr wasniak any rebuttal briefly your honor uh the the state's evidence again the first part of my argument is that it's the state's evidence alone that that gave rise to this affirmative defense before even ms wiggin testifies regards to what she testifies to you have the lieutenant costar saying i'm showing up to a trespassing complaint he hears ms wiggin yelling at robert out from inside the house at robert outside of the house uh i there's the it's when robert essentially charges ms renfro says that robert uses her as a battering ram to get into the house i can't recall which witness it is i believe it might be robert's wife amber who testifies that upon robert's entry into the house uh ms wiggin yells get the f out of my house just before the the the push occurs that lieutenant costar sees so it's the state's evidence that shows that ms wiggin had a reasonable belief that her conduct was justified to stop the trespass it occurs right at the threshold of the door as robert is is trying trying to enter uh and and what more reasonable belief would a person have is that you've called the police to stop someone who you believe is trespassing on your property by an order of protection and the door opens up and that person comes in and the police officer hasn't even stopped that person you think a person's unreasonable justified to exercise self-help and and and that trespass by pushing the person that's again the state's evidence shows that's what occurred here evidence show that it was unprovoked the officer was standing in the house he was a witness to the incident and said she bull rushed him she bull rushed him inside the house after robert had entered the house so is it reasonable to think that she had to defend her house when the officer is standing there inside with a gun i i think it would be reasonable for a person to say is that the police have not stopped that person so and i don't think the presence of a police officer stops anyone from ever exercising an affirmative defense yes it might be a better course of action to allow the officer to intervene or to use what abilities and and means that they have but i i don't think that that there's nothing that i've seen in any case law that says that you can't raise an affirmative defense simply because there's a presence of an officer there who's witnessing the the event and it didn't officer cost or testify that um mr wesley was going through her the drawers or something back in her bedroom that was chief megalan when once he arrived at the scene um uh and apparently spoke with lieutenant costars what he finds he first makes contact with mr wesley inside the home yes and and mr wesley's going through drawers in the home and i believe chief megalan's testimony is i testimony is i want to then arrest robert because of the order of protection um uh and again to the second part of my argument about the the prejudice and then the ineffective assistance of counsel is yes miss wiggin testifies that she did not intentionally strike robert but just because there's that testimony if your counsel and you have all that state's in existence that forbids robert from being there there's nothing the state has to prove each and every element beyond a reasonable doubt if the affirmative defense has been raised there's now an extra element that has been added that they have to prove beyond a reason about any one of those elements that the state fails to prove beyond a reasonable doubt means that miss wiggin would be acquitted so there's nothing that stops the council from making separate arguments as to why the state's proofs have failed to prove beyond a reason about each element even if the elements are in in a way mutually exclusive each other at least the the testimony is there's nothing to stop again counsel from saying i want you to believe my client miss wiggin she said she didn't intentionally your honor find her not guilty because she did not intentionally strike mr wesley or in the lieutenant coster's testimony which the circuit court did here the state failed to prove beyond a reasonable doubt that uh her force that she used was not reasonable thus she should also be found not guilty i believe counsel can raise both of those defenses and and counsel was ineffective for not raising both those defenses and miss wiggin was prejudiced because the defense of dwelling would and would have won because there's an order of protection saying that he's not allowed to be there and she used reasonable force to stop that trespass is there any other questions from the court any other questions looks like again we ask that uh miss wiggins uh conviction for domestic battery be reversed outright or the alternative find that her counsel is ineffective and reverse conviction and remand for further proceedings thank you your honors thank you thank you we thank both of you for your arguments this afternoon we'll take the matter under advisement and we'll issue a written decision as quickly as possible the court will now stand in recess until nine o'clock tomorrow morning